**DOAN LAW, LLP**
Karen S. Spicker, Special Counsel, SBN 127934
Doan Law, LLP
1930 S. Coast Hwy., Suite 230
Oceanside, CA 92054
Phone (760) 450-3333 • Fax (760) 720-6082
Karen@doanlaw.com

Attorney for Plaintiff, Paul Gudde

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PAUL J. GUDDE,

           Plaintiff,

v.

ENCORE CAPITAL GROUP, INC.;
MIDLAND FUNDING, LLC;
MIDLAND CREDIT MANAGEMENT,
INC. and DOES 1 through 10 inclusive;

           Defendants.

Case No.: **'17CV1508 MMA WVG**

**COMPLAINT FOR DAMAGES AND RESTITUTION FOR:**

**1.) VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. § 1962(c))**

**2.) VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. § 1962(d))**

**3.) VIOLATION OF CAL. BUS. & PROF. §17200**

**DAMAGES IN EXCESS OF $75,000.00**

**JURY TRIAL DEMANDED**

/ / /

**COMPLAINT**

# I.

## __INTRODUCTION__

1. Plaintiff PAUL J. GUDDE  (hereinafter referred to as "Gudde" or "PLAINTIFF") brings this  action against Defendant ENCORE CAPITAL GROUP, INC. ("ECG"); MIDLAND FUNDING, LLC, ("MFL") and MIDLAND CREDIT  MANAGEMENT, INC. ("MCM") collectively as "DEFENDANTS"  and Does 1 through 10 for violation of the Racketeer Influenced and Corrupt Organization Act (hereinafter "RICO") under 18 U.S.C. § 1962(c) and (d) and Cal. Bus. & Prof. §17200 based on their unlawful business practice of filing fraudulent and invalid proofs of claim based on a time-barred debt  in Plaintiff's Chapter 13 bankruptcy case filed in the Southern District of California, Bankruptcy court, case no. 14-07870, thereby unjustly receiving over five thousand dollars from Plaintiff.

2. A Chapter 13 Bankruptcy case is in essence a repayment plan, whereby an individual who files for bankruptcy (hereinafter referred to as a "debtor") pays back their creditors according to a court confirmed Plan. The debtor pays monthly payments to the Chapter 13 trustee who then takes the funds to pay allowed creditor claims.

3. In a Chapter 13 Bankruptcy case, listed creditors are noticed by the Bankruptcy Noticing Center (BNC) upon the debtor filing.  Creditors then have until the claims bar date to file proof of claims that serve the basis for the amounts owed to each creditor.

4. In bankruptcy context, state law controls whether a particular claim is enforceable. If a particular claim is unenforceable pursuant to the applicable statute of limitations or the creditor has no valid right to collect upon the underlying debt that the proof of claim is based upon, said claim will be disallowed in the bankruptcy court if an objection is filed.

5. The Defendants have participated in a widespread criminal conspiracy

wherein they have acted in concert with one another to file invalid and fraudulent proofs of claim in Plaintiff's Chapter 13 bankruptcy case and in other cases that Defendants know the underlying claims are time-barred by the applicable statute of limitations. The Defendants have all engaged in a fraudulent scheme under the guise of "debt buying."

6. Defendants know these claims are time-barred and unenforceable under applicable state law. In doing so, Defendants knowingly and fraudulently filed false proofs of claims and/or received material amounts of property from Plaintiff after the filing of his bankruptcy case, with the intent to defeat the provisions of Title 11, which constitutes violations of RICO under 18 U.S.C. § 1962, et. seq.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff which he alleges personal knowledge.

## II.
## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 18 U.S.C. §1962 et. seq. for the RICO claim of Plaintiff.

9. DEFENDANT ECG is a Delaware Corporation and/or some other unknown type of business entity and qualified to do business in the State of California and was doing business in the County of San Diego, with its principal office in San Diego.

10. DEFENDANT, MFL is a Delaware Limited Liability Corporation and/or some other unknown type of business entity and qualified to do business in the State of California and was doing business in the County of San Diego with its principal offices located therein. MFL is also a wholly owned subsidiary of ECG.

11. DEFENDANT, MCM is a Kansas Corporation and/or some other unknown type of business entity and qualified to do business in the State of California and was doing business in the County of San Diego with its principal office located therein. MCM is also a wholly owned subsidiary of ECG.

12. This Court has personal jurisdiction over DEFENDANTS, because DEFENDANTS conduct business in the County of San Diego and State of California. Therefore, DEFENDANTS have sufficient minimum contacts with this state and otherwise purposely avail themselves of the markets in this state through the filing of proofs of claim in bankruptcy cases in the Southern District in California. In addition, the conduct alleged herein in the bankruptcy case of the Plaintiff occurred in the Southern District of California, Bankruptcy Court. Jurisdiction of this Court is permissible under notions of fair play and substantial justice.

13. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965(a) for the following reasons:

   (a) The Plaintiff resides in the County of San Diego, State of California which is within this judicial district.

   (b) The conduct complained of herein occurred within this judicial district as Plaintiff's bankruptcy case was filed in the County of  San Diego, State of California.

   (c) Defendants are subject to personal jurisdiction in this district, as they conduct business within the judicial district.

/ / /
/ / /
/ / /

### III.

### PARTIES

14.   PLAINTIFF is, and at all times mentioned herein was, individual citizen and resident of the United States of America, State of California and County of San Diego.

15.   DEFENDANTS are a group of entities associated together for a common purpose  of engaging in the filing of fraudulent time-barred proofs of claim, an act affecting interstate commerce, with the intent to knowingly and intentionally file false proofs of claims and/or misrepresent the validity of said claims and receive material amounts of property from the Plaintiff and others after the filing of a Chapter 13 bankruptcy case, with the intent to defeat the provisions of Title 11, and therefore are an "Enterprise" as the terms is defined by 18 U.S.C. § 1961(4).

16.   DEFENDANTS are all persons who use an instrumentality of interstate commerce or mail in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.   DENDANTS all in the course of business, regularly, on behalf of themselves, or others, engage in interstate debt collection.

18.   The true names and capacities, whether individual, corporate, subsidiary, partnership, associate, and Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474 and Fed. R. Civ. Proc. Rules 15(a) and 21. On information and belief, Plaintiff alleges that the Defendants named in this Complaint and Does 1 through 10, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

19.   On information and belief, Plaintiff alleges that the Defendants named in

this Complaint, including Does 1 through 10, inclusive, are, and at all times mentioned herein were, agents, servants, affiliates, and/or employees of each of the other defendants and that defendant was acting within the course of scope of his, hers, or its authority as the agent, servant, and/or employee of each of the other defendants.  Consequently, all the defendants are jointly and severally liable to Plaintiff, for the damages sustained as a proximate result of their conduct. Whenever this Complaint refers to any act of Defendants, the reference shall be deemed to be the act of each Defendant, jointly and severally.

## IV.

## PLAINTIFF HAS STANDING TO BRING THIS ACTION

20.  The PLAINTIFF has suffered an injury in fact as a result of Defendants' wrongful and illegal conduct.

21.  11 U.S.C. § 1303 states, "[S]ubject to any limitation on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(i), of this title." 11 U.S.C. § 363 confers on the trustee the right to exercise control over estate property.

22.  Pursuant to 11 U.S.C. § 1306, PLAINTIFF shall remain in possession of all estate property.  In a Chapter 13, the Debtor has exclusive rights to control estate property, and therefore the PLAINTIFF has the right to pursue these claims against DEFENDANTS on behalf of himself

23.  Furthermore, PLAINTIFF'S Chapter 13 Plan has been confirmed.  Pursuant to 11 U.S.C. § 1327, confirmation of the plan vests all of the property of the estate in the debtor.  Therefore, the PLAINTIFF'S claims against DEFENDANTS are his to prosecute free and clear of the Chapter 13 trustee and/or creditors.

# V.

## FACTS

24.   ECG is a publicly traded company that owns over (30) subsidiary entities. MFL AND MCM are wholly owned subsidiaries of ECG.

25.   MFL purchases and owns delinquent debts (they are the largest purchaser in the United States), MFL reports the debt to credit reporting agencies.

26.   MCM is the debt collector that MFL uses to service and collect its debt portfolio.

27.   On MFL'S proofs of claim, the creditor is MFL and the filer, agent, and servicer is MCM, however all payments on these proofs of claim are sent to MCM.

28.   ECG is the parent company overseeing this "Enterprise."  ECG uses its subsidiaries to perpetrate a scheme to defraud Plaintiff and other bankruptcy debtors into paying on time-barred and invalid claims in bankruptcy cases in the Southern District.

29.   MCM is the entity that services and collects on delinquent debts purchased by MFL.

30.   All of the DEFENDANTS are engaged in the collection of delinquent debts. Their business practices expose them to risk of liability for failing to comply with Title 11. To insulate their risk, the Defendants have colluded together to segregate operations among multiple entities that work in conjunction with one another and all being directed by the parent company, ECG.

31.   MFL allegedly acquires "bad debts" which have been charged off by the original creditors and report the information and MCM handles collection activities on those debts. The compartmentalization of these different entities was set up to shield the DEFENDANTS from liability, confuse investigative agencies and to further perpetrate their criminal enterprise.

/ / /

**DEFENDANTS COMMITED VARIOUS ACTS OF BANKRUPTCY FRAUD WHICH CONSTITUTES A PREDICATE ACT**

32.   On **September 30, 2014**, PLAINTIFF Gudde filed an individual Chapter 13 bankruptcy case in the United States Bankruptcy for the Southern District of California, case no. 14-07870-LA13. A true and correct copy of the Notice to Creditors is attached hereto and incorporated hereat as **Exhibit "A."**

33.   Plaintiff Gudde's bankruptcy was confirmed on **November 19, 2014** with a provision providing for a distribution paying 100 % of all allowed unsecured creditor claims, plus 3% annual interest thereon. True and correct copies of Gudde's original and modified Chapter 13 Plans are attached hereto collectively as **Exhibit "B."**

34.   On **October 30, 2014**, DEFENDANT MCM filed a proof of claim, Claim No. 4, on behalf of DEFENDANT MFL in PLAINTIFF GUDDE'S Chapter 13 bankruptcy case. A true and correct copy of Proof of Claim No. 4 is attached hereto as **Exhibit "C"** and incorporated hereat.

35.   Proof of Claim No. 4 provided for a claim in the amount of **$4,490.80**, and listed the current creditor as DEFENDANT MFL, the original creditor was Chase Bank USA, N.A., the assignor was Equitable Ascent Financial, LLC, provided that DEFENDANT MCM was the agent where notices and payments should be sent and provided an address in Warren, Michigan.

36.   The last payment made on the original debt based on Defendants' own Claim No. 4 was **February 19, 2010**, as set forth therein.

37.   On **October 30, 2014**, DEFENDANT MCM filed a second proof of claim, marked as Proof of Claim No. 5 on behalf of MFL, in PLAINTIFF GUDDE'S Chapter 13 bankruptcy case.  A true and correct copy of Proof of Claim No. 5 is attached hereto as **Exhibit "D"** and incorporated hereat.

38.   Proof of Claim No. 5 provided for a claim in the amount of **$1,214.59**, and listed the current creditor as DEFENDANT MFL, the original creditor was

HSBC Bank, NEVADA, N.A., the assignor was Asset Acceptance, LLC, provided that DEFENDANT MCM was the agent where notices and payments should be sent and provided an address in Warren, Michigan.

39. The last payment made on the original debt used as a basis for Claim No. 5 was **April 1, 2010** as set forth therein.

40. On **May 12, 2015**, the Chapter 13 trustee, David L. Skelton took the Debtor's funds on hand and distributed a total of **$4,526.03** to DEFENDANT MCM on behalf of MFL to pay Proof of Claim No. 4 which includes principal and interest thereon. A true and correct copy of the Trustee Skelton's Final Report and Accounting is attached hereto as **Exhibit "E"** and incorporated hereat.

41. On **June 10, 2015**, the Chapter 13 trustee, David L. Skelton took the Debtor's funds on hand and distributed a total of **$1,224.13** to DEFENDANT MCM on behalf of MFL to pay Proof of Claim No. 5. See the Trustee Skelton's Final Report and Accounting, **Exhibit "E"**.

42. DEFENDANTS unjustly received a total of $5,750.16 in payments on Proofs of Claim Nos. 4 and 5 in principal and interest.

43. The underlying debts supporting Proofs of Claim Nos. 4 and 5 were never reduced to a judgment prior to Plaintiff Gudde filing for Chapter 13 bankruptcy case.

44. PLAINTIFF GUDDE never made a payment on the debt underlying Proof of claim No. 4 after **February 10, 2010**.

45. PLAINTIFF GUDDE never made a payment on the debt underlying Proof of claim No. 5 after **April 19, 2010**.

46. The DEFENDANTS knew that the debts supporting Proofs of Claim Nos. 4 and 5 were time-barred as reflected on their own claims. Therefore, DEFENDANTS knowingly and intentionally presented false claims, Proofs of Claim Nos. 4 and 5 against the estate of PLAINTIFF GUDDE in his

Chapter 13 bankruptcy case.

47.    Furthermore, DEFENDANTS knew they were not entitled to payment on these time-barred debts, therefore DENFENDANTS knowingly and intentionally received material amounts of property from the PLAINTIFF GUDDE after the filing of his Chapter 13 bankruptcy case, with the intent to defeat the provisions of the bankruptcy code by filing and receiving payment on the time-barred Proofs of Claim Nos. 4 and 5.

48.    In the bankruptcy cases, applicable state law controls whether a particular underlying claim is enforceable and eligible for payment through the Chapter 13.

49.    Pursuant to California's Statute of Limitations, Cal. Civ. Code § 337, the underlying proofs of Defendants file in PLAINTIFF's bankruptcy were time-barred and not valid claims at the filing of GUDDE'S bankruptcy case and at the time the proofs of claim were filed.

50.    The bankruptcy code provides for the debtors to be able to object to a proof of claim, although the costs of preparing and filing the objection are born by the debtors.

51.    The PLAINTIFF must pay an attorney to object to these time-barred claims based on the California statute of limitations at the time of the Plaintiff's bankruptcy filing and at the time the proofs of claim were filed by Defendants. Plaintiff did not have the funds to pay an attorney to object.

52.    Furthermore, since the PLAINTIFF must take the initial action to object to the time-barred proofs of claim, the DEFENDANTS are fully aware that bankruptcy debtors and their attorneys will fail to object to a large percentage of these proofs of claim.  This allows the DEFENDANTS to be unjustly enriched by receiving payments on a large number of proofs of claim that are based on time-barred debts.

53.    MFL is not the valid owner of the debts used as the basis for the proofs of

claim filed in the PLAINTIFF'S bankruptcy case.  DEFENDANTS have no right to be paid for Proofs of Claim Nos. 4 and 5 filed in PLAINTIFF GUDDE'S bankruptcy case.  The basis for these proofs of claim filed in PLAINTIFF'S bankruptcy case were debts allegedly owned by Chase Bank USA, N.A. and HSBC Bank Nevada, N.A.  These proofs of claim were fraudulent because MFL is not the owner or assignee of the underlying debt.

54.   Furthermore, Defendants knew they filed the proofs of claim Nos. 4 and 5 in question based on time barred debts.

55.   DEFENDANTS are some of the largest and most sophisticated debt collectors in the nation, and hold some of the largest portfolios of claims in bankruptcy.  Therefore, DEFEDANTS knew of the applicable statute of limitation, but nonetheless filed these proofs of claim that were time barred.

56.   DEFENDANTS knowingly sought out and accepted payment on time-barred claims through PLAINTIFF'S Chapter 13 bankruptcy case.

57.   DEFENDANTS are aware that it is usually not feasible for most consumer Chapter 13 bankruptcy debts to prepare and file such objections to these fraudulent proofs of claim, especially where debtors are unable to pay attorney's fee required to object to the claim.

58.   DEFENDANTS knew the Plaintiff probably would not object to these time barred claims, thus ECG has worked with its subsidiaries to form a criminal enterprise consisting of the named DEFENDANTS to intentionally file these invalid proofs of claim to unjustly receive material amounts of payments from the property of Plaintiff, with the intent to defeat the provisions of the bankruptcy code.

59.   DEFENDANTS are aware that time-barred proofs of claims are unlikely to be objected to as it is often debtors, like Plaintiff, who cannot pay for attorney fees to object to the same and as such it is simply not possible to file an objection.

60.   Upon information and belief, ECG and the other DEFENDANTS have analyzed statistics regarding the rate of payment on time-barred claims and have concluded that although the claims are not lawfully entitled to payment, they often will still receive payment based on the fact an objection is not feasible or even an option.

61.   Plaintiff was seeking a reprieve from the court in order to reorganize his finances. Acting with knowledge, ECG and the other DEFENDANTS have created an enterprise and a system by which to work together to file hundreds of thousands of time-barred proofs of claim in bankruptcy cases, and in doing so accept millions of dollars in payments in aggregated on these fraudulent and time-barred claims.

62.   DEFENDANTS have conspired together to file in concert time-barred proofs of claim in Plaintiff's bankruptcy case with the intent of knowingly and intentionally misrepresenting the true validity of said claims and received material amounts of property from Plaintiff, with the intent to defeat the provisions of Title 11.

63.   DEFENDANTS are relying on unlawful and fraudulent business practices in order to reap the benefits of a significant financial windfall on claims that DEFENDANTS would not have been able to collect upon, but for the enterprise's deceptive fraudulent business practices.

64.   PLAINTIFF suffered injuries in fact and lost money as a result of the DEFENDANTS unlawful and fraudulent business practices alleged herein.

/ / /

/ / /

/ / /

# VI.

## THREE (3) CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### VIOLATION OF RICO PURSUANT TO 18 U.S.C. § 1962(c)

### (As against MFL AND MCM)

65.   Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

66.   MFL and MCM violated RICO and Plaintiff was injured as a result.

### PERSONS

67.   Each DEFENDANT is an entity capable of holding legal and beneficial interest in property and therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

### ENTERPRISE

68.   DEFENDANTS together form an association in fact for the common and continuing purpose described herein and constitute an enterprise within the meaning of 18 U.S.C. 1961(4) engaged in the conduct of their affairs through a continuing pattern of racketeering activity.  The members of the enterprise function as a continuing unit with ascertainable structure separate and distinct from that of the conduct of racketeering activity.  There may also be other members of the enterprise who are unknown at this time.

69.   DEFENDANTS are all part of an association in fact that jointly works to achieve their common purpose of filing time-barred proofs of claims and obtaining payments on those claims.  ECG has organized together different subsidiaries to perform different functions of the racketeering activity. DEFENDANT, MCM operates out of the same San Diego, California office location as DEFENDNAT, ECG.  DEEFENDANT, MCM collects on behalf of DEFENDANT MFL.  Therefore, the DEFENDANTS association

constitutes an enterprise as defined by 18 U.S.C. § 1961(4).

## CONDUCT USING AN INTERSTATE INSTRUMENTALITY

70. DEFENDANTS used an interstate instrumentality by electronically filing proofs of claim in Plaintiff's Chapter 13 bankruptcy.

71. DEFENDANTS used interstate instrumentality by filing proofs of claim also via U.S. Mail in California.

## PATTERN OF CONDUCT

72. DEFENDANTS have continuously filed hundreds of thousands of time-barred claims in bankruptcy cases throughout California and received payments for said illegal Proofs of Claims.

73. On **October 30, 2014**, DEFENDANT MCM filed Proofs of Claim Nos. 4 and 5 (See Plaintiffs Exhibits "C" and "D"), on behalf of the enterprise in PLAINTIFF GUDDE'S Chapter 13 bankruptcy case and as a result DEFENDANTS were unjustly enriched and received a total of **$5,750.16** in payments throughout his bankruptcy for time-barred debts.

74. In fact, each of the DEFEDANTS committed or aided and abetted in the commission of acts of racketeering activities over the last three years. Each act of racketeering was related, had a similar purpose, and involved the same or similar participants and method of commission, had similar results and impacted PLAINTFF.  The multiple acts of racketeering activity which DEFENDANTS aided or committed and abetted in the commission of, were related to each other and amount to and pose a threat of continued racketeering activity, and therefore constitute a "pattern of racketeering" under 18 U.S.C. § 1961(5).

## RACKETERING ACTIVITIES

75. The PLAINTIFF'S bankruptcy proceedings were commenced prior to DEFENDANTS' filing a Proofs of Claim Nos. 4 and 5.

76. The amount of funds paid to DEFENDANTS by the Bankruptcy Trustee on behalf of Plaintiff were material amounts as that term is defined under 18 U.S.C. § 152(5).

77. DEFENDANTS have a practice of pursuing payments on time-barred debts by filing proofs of claim in Chapter 13 bankruptcy cases where often times Debtors are unable to object because they are not able to pay attorney fees or file an objection on their own.

78. DEFENDANTS possessed the specific intent to defeat the provisions of Title 11 when they filed these proofs of claim causing the PLAINTIFF to pay the DEFENDANTS material amounts of money.

79. By knowingly filing claims on time-barred debts wherein they would receive payments on claims that the DEFENDANTS had no basis for payment under the bankruptcy code, the DEFENDANTS intended to defeat the provisions of Title 11, therefore DEFENDANTS violated 18 U.S.C. § 152(5).

80. By knowingly operating a scheme to obtain payment on claims for which the DEFENDANTS knew the proofs of claim were time-barred and then receiving payment on those claims, DEFENDANTS violated 18 U.S.C. §152(5).

81. But for DEFENDANTS violations of 18 U.S.C. § 152(5), Plaintiff would not have been deprived of the funds paid to DEFENDANTS.

82. DEFENDANTS violation of 18 U.S.C. § 152(5) is an offense involving fraud connected with a case under Title 11 and thus Racketeering activities under 18 U.S.C. § 1961(1)(D).

83. Defendants, each of whom are persons associated with the enterprise, did knowingly, willfully, and unlawfully conduct or participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1)(D), 1961(5), and 1961(c).  The racketeering activity was made possible by DEFENDANTS'

regular and repeated use of the facilities and services of the enterprise. DEFENDANTS had the specific intent to engage in substantive RICO violations alleged herein.

84. DEFEDANTS committed multiple false representations of material fact regarding the validity of Proof of Claims Nos. 4 and 5 in PLAINTIFF'S bankruptcy case.

85. The act of preparing and filing proofs of claim in PLAINTIFF'S bankruptcy case were misrepresentations that DEFENDANTS possessed valid and enforceable claims that they had a right to collect upon.

86. The proofs of claims filed by DEFENDANTS in PLAINTIFF'S bankruptcy case were invalid, not enforceable, and DEFENDANTS were barred from collecting on them under the applicable statute of limitations.

87. DEFENDANTS knew or should or reasonably should have known that there was no legal basis for the payment on their unlawful time-barred claims.

88. DEFENDANTS possessed the intent to deceive the bankruptcy court, the PLAINTIFF, and the Chapter 13 Bankruptcy Trustees by filing time-barred proofs of claim in Plaintiff bankruptcy case as they knew at the time of filing that the DEFENDANTS were not lawfully entitled to payment on said proofs of claim with the specific intent to deceive the PLAINTIFF in order to receive payments by defeating the provisions of the bankruptcy code.

89. The PLAINTIFF has justifiably relied upon the fraudulent misrepresentations made by the DEFENDANTS regarding the validity of the DEFENDANTS' proofs of claim.

90. PLAINTIFF was justified in relying on the proofs of claim, because DEFENDANTS filed the claims and represented themselves as the valid owners with a legal right to collect upon these debts.

91. But for DEFENDANTS misrepresentations regarding the validity and legal status of the proofs of claim, the PLAINTIFF would not have been deprived

of the funds paid to DEFENDANTS.

92. Therefore, PLAINTIFF suffered compensable injury proximately caused by the commission of the DEFENDANTS' misrepresentations.

## INJURY TO PLAINTIFF

93. PLAINTIFF has been injured and continues to be injured as a direct result of DEFENDANTS' violations of 18 U.S.C. §1962(c). The unlawful action of DEFENDANTS has directly and proximately caused and continues to cause injuries to PLAINTIFF.

## SECOND CAUSE OF ACTION:
## VIOLATION OF RICO UNDER 18 U.S.C. § 1962(d)
### (As against all Defendants)

94. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

95. In violation of 18 U.S.C. § 1962(d), the DEFENDANTS ECG, MFL, and MCM knowingly, willfully, and unlawfully conspired to facilitate a scheme which included the operation and management of a RICO enterprise through pattern of racketeering activity as alleged above.

96. The conspiracy commenced as early as 2014 and is ongoing.

97. The conspiracy's purpose was to divert money from the PLAINTIFF'S Chapter 13 estate for their own benefit and to facilitate the filing of time-barred and invalid claims to defraud Plaintiff, the Chapter 13 Trustee, and the Bankruptcy court into paying DEFENDANTS on time-barred proofs of claim.

98. Each DEFENDANT committed at least one overt act in furtherance of such conspiracy. These acts in furtherance of the conspiracy included misleading PLAINTIFF as to the validity of the proofs of claims, filing time-barred proofs of claim, analyzing statistics regarding the rate of objections, meeting

with the other DEFENDANTS to plan out the organizational structure of the enterprise, structure the different subsidiaries of DEFEDANT ECG together to most efficiently mislead the PLAINTIFF, and accepting payments upon said time-barred claims on behalf of the enterprise.

99.   DEFENDANTS have colluded together to file false and fraudulent claims in PLAINTIFF'S bankruptcy case for claims that they would not be entitled to collect upon under the applicable statute of limitations.

100.   DEFENDANTS have colluded together to create and implement a system to use the proof of claim system in Chapter 13 cases to fraudulently enrich themselves by seeking payment on claims that they know are not lawfully entitled to payment thereon. ECG executives have met with officers of MFL AND MCM and reviewed statistics and rates of objections by bankruptcy debtors to DEFENDANTS' proofs of claim that they do not have a valid claim to payment upon and/or know are time barred by non-bankruptcy law applicable statute of limitations.

101.   Upon information and belief, DEFENDANTS prepared and analyzed statistics regarding the rate of objections to these time-barred proofs of claim and through such analysis DEFENDANTS know that debtors, like Plaintiff and Chapter 13 trustees rarely object to such time-barred claims.

102.   Therefore, based upon the low rate of objections by bankruptcy debtors, DEFENDANTS knowingly colluded together to file time-barred proofs of claims, in order to unjustly receive payment on said claims regardless of the claims' actual validity and enforceability.

103.   DEFENDANTS had no lawful, good faith reason to file the time-barred claims in Plaintiff's bankruptcy case, other than to unjustly enrich themselves by filing the time-barred claims. Thus, DEFENDANTS possess the specific intent to file these time-barred and unenforceable claims in order to acquire payments from Plaintiff.

104. DEFENDANTS have colluded together as part of an enterprise whose purpose is to perpetuate a fraud upon Plaintiff, in order to unjustly enrich the DEFENDANTS would not have received payment thereon, but for said conspiracy to knowingly and fraudulently received material amounts of money from Plaintiff after the filing of a bankruptcy case, with the intent to defeat the provisions of the bankruptcy code.

105. Even if one of the DEFENDANTS did not agree to harm the PLAINTIFF specifically, the purpose of the acts they engaged in was to advance the overall object of the conspiracy, and the harm to PLAINTIFF was a reasonably foreseeable consequence of DEFENDANTS' actions.

106. PLAINTIFF has been injured and continues to be injured in their business and property by the DEFENDANTS' actions.  The unlawful action of DEFENDANTS has directly, illegally, and proximately caused and continues to cause injuries to PLAINTIFF and his business and property.

### THIRD CAUSE OF ACTION:
### VIOLATION OF CAL. BUS. & PROF. CODE § 17200

(As to all Defendants)

107. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

108. California Business & Profession Code § 17200, the Unfair Competition Law, "UCL" prohibits unfair competition, which means, "any unlawful, unfair or fraudulent business act or practice [.]" Cal. Bus. & Prof. Code § 17200. The scope of the UCL is broad.

109. Defendants engaged in unlawful and unfair business practice by filing fraudulent and invalid proofs of claim based on time-barred debt in Plaintiff's Chapter 13 Bankruptcy as alleged herein.

110. These actions also constitute a violation of 18 U.S.C. §1962(c) and (d), as

more fully set forth herein. The continuous practice of filing proofs of claims, based on time barred claims, as more particularly set forth in the first and second causes of action above and incorporated hereat.

111.   Plaintiff further alleges that these unlawful and unfair business practice were ongoing and continuing every month and that Defendant, have a continuing pattern and course of conduct in filing proof of claims based on time barred debts, which resulted in Defendants receiving over $5,000.00 on debt that the Plaintiff no longer owes because it was time barred.

112.   As a result thereof, Defendants diverted money from Plaintiff's Chapter 13 estate for their own benefit and to facilitate the filing of time barred and invalid claims to defraud the Plaintiff, the Chapter 13 Trustee, and the Bankruptcy court into paying Defendants on time-barred debts.

113.   Under the UCL, Defendant should be ordered to provide Plaintiff with restitution. Plaintiff further seeks an injunctive relief to have Defendants cease filing any further proofs of claims based on debts that are time-barred.

## VII.
## **PRAYERS FOR RELIEF**

**WHEREFORE**, PLAINTIFF having set forth claims for relief against DEFENDANTS, respectfully prays this Court award:

A.   Compensatory damages, for a sum duly trebled, plus interest pursuant to 18 U.S.C. §1964(c);

B.   Attorney's fees, together with all costs and expenses pursuant to 18 U.S.C. §1964(c);

C.   A temporary, preliminary and/or permanent order for injunctive relief requiring DEFENDANTS to: (1.) discontinue filing proofs of claim in Chapter 13 bankruptcy cases on time-barred debt (2.) withdraw all proofs of claim already filed in Chapter 13 cases; (3.) refuse any

payments already processes by Chapter 13 trustees, but not yet deposited by DEFENDANTS on proofs of claims for times-barred debts.

D.      Prejudgment and post-judgment interest; and

E.      Such **other and further relief** as the Court may deem just and proper.

Dated:  July 25, 2017                                        Respectfully submitted,

                                                            **DOAN LAW, LLP**


                                                            By: /S/ *KAREN S. SPICKER*
                                                            Karen S. Spicker, Esq.
                                                            Attorneys for Plaintiff